206 So.2d 878

**Floris YANCEY, as Administratrix**

**v.**

**James Charles RUFFIN et al.**

**2 Div. 497.**

Supreme Court of Alabama.

Feb. 8, 1968.

Jas. M. Prestwood, Andalusia, for appellant.

Pruitt & Pruitt, Livingston, for Gulf States Paper Corp.

SIMPSON, Justice.

This is an appeal by the plaintiff in a death case arising out of the following circumstances:

Plaintiff's intestate was killed when the truck which he was driving collided with a pulpwood truck which had been abandoned

on a highway, some four feet onto the paved portion, which was unlighted, the incident occurring at night time.

The evidence indicated that the truck which had been left on the road had been driven by one of the Ruffin defendants, and was owned by the other Ruffin.

The basis of this appeal is the granting of the general affirmative charge as to the defendant Gulf States Paper Company. The jury returned a verdict in favor of the plaintiff as to the Ruffin defendants.

The court gave the affirmative charge to the jury as to Gulf States Paper Company and the basis of his doing so was that the plaintiff had put on no evidence to connect Gulf States with the accident.

The appellant here complains that the court erred in excluding from the evidence the following, which if it had been admitted would have precluded the affirmative charge for Gulf States. To properly understand the contentions here made, we quote from the record (the evidence offered which the court excluded).

The witness Casey Lee, after first identifying himself, his address and his relationship with this case, was asked the following:

"Q: · Well, on any trip that you made up here, Mr. Lee, did you have occasion to talk with any one connected with or working with Gulf States Paper Corporation?

"A: Yes sir, I did.

"Q.: Can you tell us how you had this conversation?

"A: Well, it was by telephone.

"Q: Can you · tell us where it was made from.

"MR. PRUITT [attorney for defendant Gulf States Paper Corporation]: We object, your Honor.

"THE COURT: Of course you will have to establish with whom it was.

"MR. PRESTWOOD [attorney for plaintiff]: We haven't gotten that far yet.

"THE COURT: All right.

"MR. PRUITT, JR.: He's talking about by telephone, and this line of questions does not appear to be in order. ·

"THE COURT: Go ahead.

"Q: Where were you when you placed the call?

"A: It was here on the square, I believe. I'm pretty certain it was at the hotel over here at a pay station.

"Q: All right, now did you place the call to Gulf States?

"A: Yes sir.

"MR. PRUITT, JR.: We object unless he can tell a little something more about it.

"THE COURT: Let's see what the connection is. Let's proceed.

"Q: All right, did you place your call to Gulf States Paper Corporation?

"A: That's right.

"MR. PRUITT: We object, of course.

"THE COURT: Yes sir. The objection is temporarily overruled.

"Q: Did the operator connect you with Gulf States?

"MR. PRUITT: We object to that, your Honor.

"THE COURT: Yes sir. I will have to sustain the objection to that, Mr. Prestwood. I don't think he could testify unless he gives the name of a particular person or party. He may testify with whom he talked if he talked with some one.

"Q: When you placed the call, did you talk with somebody at the Company?

"MR. PRUITT: We object, your Honor.

"THE COURT: I will exclude the jury. * * *

"MR. PRESTWOOD: Judge, excuse me. Let me put the question another way before the jury goes out.

"THE COURT: All right, go ahead.

"Q: Who was the name of the person you talked with?

"MR. PRUITT: We object.

"A: It was Morris or Marshall. I wouldn't say which because it's been some time ago, but it was a Morris or a Marshall on the other end of the line.

"MR. PRUITT: We move to exclude, your Honor.

"THE COURT: Yes sir, I think that should be excluded unless he can positively identify the person he talked to was an official of the Company. The answer is excluded from your consideration, gentlemen of the jury. It is not evidence before you.

"MR. PRUITT, JR.: Your Honor, we would like to ask that this be outside the presence of the jury."

(The court then excluded the jury and the following took place):

"MR. PRESTWOOD: If the Court please, what we are offering to show is that this witness, Mr. Lee, on one of the trips he made to this county in connection with his wife's brother-in-law's death, that he placed a call to Gulf States Paper Corporation in Demopolis, and that the switchboard operator answered and identified the other end of the line as Gulf States Paper Corporation, and that this witness asked the switchboard operator to connect him—to switch the call to someone in the pulpwood department, and off the record, he didn't know who they were. We admit that. And that the operator promptly switched him to the department requested, and the speaker answered and identified himself as Mr. Morris or Mr. Marshall. That is what we expect the testimony to show, and that is what we are offering now to show; and that thereupon a conversation then ensued between this witness and the man in the pulpwood department of Gulf States Paper Corporation relative to this case. It is very pertinent and it is very essential.

"THE COURT: Are you prepared to identify the particular person and to show that he was some official of the Gulf States Paper Corporation?

"MR. PRESTWOOD: We are prepared to show that he so held himself out, your Honor, and that the switchboard operator told this man she would connect him with the pulpwood department. That is as much as anybody can do in calling any company, if the Court please, not knowing the name of the man in advance you would talk to. That would be customary and routine to place the call as he did.

"MR. PRUITT, JR.: We feel, your Honor, that this line of questions is improper. We have reasons, the first being, he is stating he doesn't know who he talked to. He doesn't know whether he has an official capacity or other capacity with Gulf States. He can not positively identify him, leaving us no way of cross examining him. He is basing it upon a long distance telephone conversation, and I do not understand that he can identify the voice with a particular person.

"THE COURT: If he can identify the person with whom he talked, recognizing his voice or any other method of identification, and if the person with whom he talked was at that time an official of the Gulf States Paper Corporation, then I think you could go into the conversation. I don't know what you expect to show by the conversation.

"MR. PRESTWOOD: That's just it. We anticipate that it will be very hurtful to their case.

"THE COURT: Suppose you state what the conversation was, and we will see.

"MR. PRESTWOOD: Well, we will do so, but first, we would like to say that this is a factual transaction recognized in business every day in the United States; that is, business and business conversations are handled on the telephone, and it is lawful testimony, and it is perfectly competent evidence.

"THE COURT: It is before the jury, the fact that he made a call to Gulf States Paper Corporation. He has testified to that, and the Court will permit that, but we have to stop there unless you can show to whom and whether the person was a duly authorized person and had some connection with Gulf States.

"MR. PRESTWOOD: Well, this is factual, of course. I believe the rule is an agent of a corporation can speak within the scope of his employment, and he asked the switchboard operator to connect him with the department—I assume there are dozens of telephones and departments out there. I have never been out there. So all calls coming in have to be directed to the extension number and to a department; and when they hold themselves out to the long distance operator that this is Gulf States Paper Corporation and the operator for Gulf States Paper Corporation answers, then he has a right to reasonably assume and we have a right to show the jury that he asked to be connected with the department.

"THE COURT: By what reasoning and what deduction do you arrive at the conclusion the person who picked up the telephone held himself out as one authorized to make a commitment, not merely an employee, but one who is authorized to make a commitment for Gulf States Paper Corporation?

"Mr. PRESTWOOD: Here is my answer to that. It must be presumed by law that Gulf States Paper Corporation would not have a switchboard operator who would distort and abort the company's business. On the other hand, it must be legally presumed that she knew,

as a switchboard operator, that she knew all the departments and department heads.

"THE COURT: Let us assume, for the sake of argument, that he placed the call and that he was connected up with the operator at Gulf States Paper Corporation. Let's assume that the operator there rang a telephone in the pulpwood department. Then the question is this, where do you go from there?

"MR. PRESTWOOD: The person on the other end of the line, according to this witness, stated that his name was Morris or Marshall. Now they know who is in the pulpwood department. We don't. We are relying on what ordinary business would rely on. Now they have every opportunity to disprove and deny whatever the witness will say. We haven't gotten into it yet, but that man on the other end of the line saying that he is in the pulpwod department and his name is Morris or Marshall, and he is speaking as a direct result of a call placed over long distance, and he is relying that he is talking to whoever he is talking to. If he's wrong, and they bring him here and say he didn't do it, then it's up to the jury. But this Plaintiff is entitled to show this to the jury for whatever it's worth.

"THE COURT: Let's see what the conversation was.

"MR. PRESTWOOD: You mean out of the presence of the jury?

"THE COURT: Yes sir."

After hearing outside the jury's presence, the plaintiff's version of the purported conversation with a Mr. Morris or Mr. Marshall in the pulpwood department of Gulf States Paper Company, the trial court excluded this evidence from the jury. It properly did so. As noted in Dentman v. State, 267 Ala. 123, 99 So.2d 50:

"Speaking generally, communications through the medium of the telephone may be shown in the same manner, and with like effect, as conversations had between

individuals face to face, *but the identity of the parties against whom the conversation is sought to be admitted must be established by some testimony either direct or circumstantial.*"

 In this case the only identification offered was that the witness called Gulf States Paper Company and spoke to a Mr. Morris or Mr. Marshall, after asking the operator for the pulpwood department. There was no evidence beyond this that the person to whom the witness spoke was in any manner connected with Gulf States Paper Company. For aught that appears he may have been a mere bystander. The court correctly concluded that this evidence should not go to the jury. See also Ala. Dig., Evidence, 🔑 243(2)–244(1).

The evidence offered was clearly hearsay and the appellant in no manner attempted to bring it within any exception to that rule. For this reason it was inadmissible. Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308.

No other issue is raised by this appeal; it must therefore be affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.