**PHOENIX ASSURANCE COMPANY OF NEW YORK, Plaintiff-Appellee,**

v.

**HARRY HARLESS COMPANY, Inc., et al., Defendants-Appellants.**

No. 27395.

United States Court of Appeals
Fifth Circuit.

July 23, 1969.

---

**3.** 130 F.2d 330, 335 (6th Cir. 1942). *See* also Pinkney v. United States, 124 U.S.App.D.C. 209, 363 F.2d 696 (1966).

Paul G. Smith, Thomas B. Huie, Birmingham, Ala., Huie, Fernambucq & Stewart, Birmingham, Ala., of counsel, for appellant Harry Harless Co., Inc.

C. Wm. Gladden, Jr., Birmingham, Ala., other interested party.

Herbert W. Peterson, W. Eugene Rutledge, Birmingham, Ala., Rives, Peterson, Pettus, Conway & Burge, Birmingham, Ala., of counsel, for appellee.

Before BELL and GOLDBERG, Circuit Judges, and ATKINS, District Judge.

PER CURIAM:

Phoenix sought a declaratory judgment pursuant to Title 28 U.S.C.A. § 2201 to establish that Harless failed to comply with the notice provision of his liability insurance policy and was thus barred from asserting a claim. The jury found for Harless. The trial judge then entered a judgment notwithstanding the verdict in favor of Phoenix. We affirm.

The policy in question provided that the insured had the duty to inform the company of an occurrence or claim "as soon as practicable." Compliance with this condition is necessary in order that policy coverage be preserved. The claim involved a fire on premises protected by fire extinguishers serviced by Harless. The fire occurred on March 16, 1967 and Harless notified Phoenix of the possibility of a claim on July 17, 1967.

The evidence reflects that Harless knew several days after the fire that fire extinguishers serviced by his company were involved and might have failed. From this knowledge Harless knew or should have known that claims might be made against his company. This point in time was well prior to July 17.

The standard by which a judgment notwithstanding the verdict is to be tested is set by Boeing Company v. Shipman, 411 F.2d 365 (5th Cir. 1969). We hold the trial judge's action correct under this standard in view of the evidence presented.

Affirmed.