266 So.2d 763

PAN AMERICAN FIRE AND CASUALTY COMPANY, a corporation

v.

DeKALB–CHEROKEE COUNTIES GAS DISTRICT, a corporation, et al.

7 Div. 920.

Supreme Court of Alabama.

Sept. 14, 1972.

Kellett & Scruggs, Fort Payne, for appellees.

Simmons, Torbert & Cardwell, Gadsden, for appellant.

PER CURIAM.

Appeal by complainant from declaratory judgment entered on the 22nd of November, 1971 by the Circuit Court of DeKalb County holding that complainant, Pan American Fire and Casualty Company, a corporation, has the duty to defend the insured (DeKalb-Cherokee Counties Gas District, a corporation) or the insured's employee (William A. Wright) in a damage suit filed by James Watters in the Circuit Court of DeKalb County against these respondents and others and from the denial of a motion for rehearing filed in said cause.

Bill for declaratory judgment was filed in this cause by Pan American Fire and Casualty Company averring among other things that it had no duty to defend De-Kalb-Cherokee Counties Gas District, a corporation, and its employee, William A. Wright, under the terms of its liability policy number 4CGAO2653 issued to DeKalb-Cherokee Counties Gas District, a corporation, and no liability for any judgment that might be rendered in a suit filed by James Watters against these respondents and others. The relief prayed for is predicated upon the ground that said respondents had failed to notify the complainant of the incident or accident in question the basis of said suit in accordance with the express terms of said policy and because the insured had failed to comply with the provisions, coverages, conditions and other portions of the said insurance policy regarding duty to inform said complainant of any incident or accident as provided for in said insurance policy.

Demurrers filed to the original bill in this cause were sustained by W. J. Harelson, Circuit Judge of DeKalb County upon two grounds. First the bill as originally filed failed to aver notice on the part of the respondent, DeKalb-Cherokee Counties Gas District of the occurrence or incident complained of; or any facts which would lead to notice thereof until the filing of the suit by Watters. Second, the bill as originally filed failed to allege any provision of the policy which would penalize or relieve the complainant from its duties thereunder for a violation of the terms of "Condition-4 Subdivision A" of conditions which is set out in said bill of complaint.

Subsequent to the rendering of said decree sustaining the demurrers to the original bill, complainant amended the bill of complaint to meet the objections pointed out by the presiding judge averring among other things that the respondents in said cause, DeKalb-Cherokee Counties Gas District, a corporation, and William A. Wright, its employee, had immediate notice of said occurrence which allegedly injured the said James Watters but that both respondents and each of them failed to notify the complainant of said occurrence, incident, or accident until approximately eleven (11) months after the said incident occurred on, to-wit: December 5, 1967. Demurrers to the bill, as amended, were overruled by the trial court and answer filed to the amended bill of complaint by the respondents and issue joined.

The answer filed by the respondents to the bill of complaint as amended contained the following:

(1) The respondents admit the allegations of paragraph 1 of the bill of complaint insofar as said allegations pertain to these respondents. (Paragraph one contains: Averment of corporate entity of respondent, DeKalb-Cherokee Counties Gas District and averment of residence of respondents.)

(2) The respondents admit the allegations of paragraph 2 of said bill of complaint. (Paragraph two contains: Averment of the existence of complainant's liability insurance policy and its issuance to respondent, DeKalb-Cherokee Counties Gas District, a corporation, and the nature of the coverage afforded by said policy.)

(3) The respondents deny the allegations of paragraph 3 of said bill of complaint. (Paragraph three contains: Averment of the negligence of respondent, William A. Wright, while acting within the line and

scope of his employment with respondent, DeKalb-Cherokee Counties Gas District and averment of immediate notice of said occurrence resulting in injury to James Watters to both of these respondents.)

(4) The respondents deny the allegations of paragraph 4 of said bill of complaint. (Paragraph four contains: Averment of insured's duties in the event of occurrence, claim or suit and failure of respondents to discharge duties set out and averment that insured received no notice of said occurrence, incident, accident, claim or law suit until approximately eleven (11) months after said incident and hence a denial by complainant of any duty to defend said suit or pay any judgment that might be rendered in said cause.)

(5) The respondents admit the allegations of paragraph 5 of said bill of complaint. (Paragraph five contains: Averment that on October 30, 1968 James Watters filed suit against DeKalb-Cherokee Counties Gas District and William A. Wright, Brent Black, Pamela Black and Boyce Black for $50,000, and averment that complainant has filed demurrers in said suit with a reservation of rights for De-Kalb-Cherokee Counties Gas District, a corporation, and its employee, William A. Wright.)

(6) The respondents deny the allegations of paragraph 6 of said bill of complaint. (Paragraph six contains: Averment that a legal controversy has arisen between the complainant and respondents DeKalb-Cherokee Counties Gas District, a corporation, and William A. Wright as to complainant's duty to defend in said suit or be liable for any judgment that might be rendered in the suit filed by James Watters and seeking to make James Watters a party to this action for declaratory judgment and petitioning the trial court to enjoin James Watters from proceeding in said damage suit until the issues in this petition for declaratory judgment are ascertained and decided.)

Upon the trial of this cause, the trial court found that complainant had a duty to defend the insured or the insured's employee in the damage suit described in the bill for declaratory judgment predicating its decision upon the grounds that under the facts in this cause, there had been a *waiver of formal notice* and proofs of loss by complainant. Complainant filed a motion for rehearing in said cause upon eleven (11) grounds as follows:

1. For that the court erred in considering waiver of notice or proof of loss on behalf of the complainant, in that no issue of waiver was raised by the pleadings in this cause.

2. For that the court erred in finding waiver on the part of the complainant in this cause of notice and proof of loss, in that the facts are insufficient to support a finding of said waiver.

3. For that there is no evidence to support a finding of waiver of notice and proof of loss by the complainant in this cause.

4. For that the court erred in considering the issue of waiver or estoppel in this cause.

5. For that there is a total lack of evidence that any authorized agent of the complainant took any action or made any statement which constituted waiver on the part of the complainant of notice and proof of loss as provided for by the policy.

6. For that the court erred in failing to hold that the complainant herein was under no duty to defend the action of the respondent, James Watters, against the other respondents for failure of the insured to furnish written notice to the complainant as provided by the policy.

7. For that the court erred in finding that an alleged agent of the complainant waived notice of the accident as required by the terms of the policy.

8. For that the court erred in finding that an alleged agent of the complainant waived notice of the accident as required by the terms of the policy, for that there is absolutely no evidence before this court that said alleged agent was a general agent for complainant with authority to waive any

policy provisions or conditions of said policy, made the basis of the within action.

9. For that there were no facts or evidence in this cause and before this court, which could have led the insured to regard itself as still being protected; therefore, that was not a waiver by the complainant.

10. For that there were no pleadings filed by any of the respondents, including the insured, DeKalb-Cherokee Counties Gas District, a corporation, pleading waiver, estoppel or forfeiture.

11. For that the evidence is without dispute that the insured in this case failed to comply with the conditions precedent as set out in the policy, requiring written notice to the complainant of any incident or accident, etc.

Petition for rehearing being denied by the trial court, W. G. Hawkins presiding, on December 17, 1971, appeal taken by Pan American Fire and Casualty Company to this court.

The facts in this case as disclosed by the record are as follows:

Complainant and appellant, Pan American Fire and Casualty Company, a corporation, issued to the respondent-appellee, DeKalb-Cherokee Counties Gas District, a corporation, its general liability insurance policy number 4CGAO2653. Contained in this policy were the following express provisions:

"4. Insured's Duties in the Event of Occurrence, Claim or Suit.

(a) In the event of an occurrence, written notice concerning particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable . . ."

\* \* \* \* \* \*

"5. Action Against Company.

No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

Several weeks prior to December 5, 1967, at the request of Pamela Sue Watters, Mr. William A. Wright, office manager and secretary of the DeKalb-Cherokee Gas District, a corporation, and James Watters, a brother of Pamela Sue Watters, went to a house at 408 Alabama Avenue, South, Fort Payne, Alabama, owned by Mr. Boyce Black of that city, to turn on the gas and light the pilot on a gas heater located in said house. According to the testimony of Mr. William Wright, James Watters let him in the house and was present on the occasion when he turned on the gas and lit the heater. Mr. Wright testified that he did not give instructions to James Watters on how to light this heater on this occasion but that the instructions were plainly printed on the side of the heater. James Watters testified that on this occasion Mr. William Wright did show him how to light the heater. He further testifed that subsequent to this occasion and before December 5, 1967 he lit this heater several times and that others had also lit this heater in said interim. There is evidence in the record that a part was needed for this particular heater and that Mr. Wright offered to see if he could locate the needed part. The heater in question was not one sold by the gas company but was a Holland heater and according to the testimony of Mr. Wright, the franchise on this particular heater was held by a company in Rome, Georgia. Mr. Wright further stated that he checked with Birmingham but was unable to obtain the part in question. The exact nature of the part in question is not re-

flected by the record in this cause nor does the function of this part in the heater appear from the record.

On December 5, 1967, James Watters, accompanied by his sister, Pamela Sue Watters, went to the basement of the house at 408 Alabama Avenue, Fort Payne, Alabama and again attempted to light this heater which had gone out again. There was an explosion and James Watters was injured. The nature of the explosion nor its cause is reflected by the record in this cause. The evidence is undisputed in this cause that neither Mr. or Mrs. Boyce Black (the owners of the house), Pamela Sue Watters, James Watters, nor anyone on their behalf, notified the DeKalb-Cherokee Counties Gas District Corporation of this explosion or expressed an opinion as to its cause to the gas corporation or any of its agents. There is in the record testimony of Robert L. Watters, the father of James Watters, to the effect that on December 5, 1967, he was living in Fort Payne, Alabama, and that on December 6, 1967 he received a telephone call from a person representing himself to be "Bill Wright" and asking to speak to his daughter, Pamela Watters. Upon being informed that Pamela was not home, he stated that this caller told him to tell Pam that he thought he knew where he could get a part for her furnace. At this point in this conversation Mr. Watters testified that he informed the caller that, "It was too late, it blew up." Upon being informed of this explosion, Mr. Watters testified that the other party on the phone asked if anyone was hurt and said he was sorry. In further testimony, Robert Watters stated that he wouldn't know Bill Wright of the gas company if he were to see him and that he wouldn't recognize the voice of Mr. Wright.

Upon being questioned about this alleged conversation with the elder Mr. Watters, William Wright, the agent of the gas company, denied ever having such a conversation with Mr. Robert Watters and further testified that he had not had a conversation with this witness either in person or by telephone. Mr. Wright further stated that his first knowledge of any explosion at the home in question was when some thirty days after this explosion he was interviewed by a Mr. Leath representing the holder of Mr. Boyce Black's homeowners insurance policy and questioned about the proper procedure to follow in lighting the heater in question. Mr. Wright further testified that on this occasion he was informed by the adjuster, Mr. Leath, that claim was being made under the provisions of Mr. Boyce Black's homeowner's insurance policy and that he was not informed on this occasion of any claim against his company.

Mr. T. B. Jacoway, the manager of DeKalb-Cherokee Counties Gas District, testified that the first knowledge of any kind that he had concerning this incident was when he was served with a lawsuit filed in this cause some eleven months after this explosion. He testified further that he immediately contacted Mr. Bill Kellett, the local agent for Pan American Fire and Casualty Company, and advised him of the suit filed against his company.

Mr. William T. Kellett, the local agent for complainant, testified that shortly after this incident he was aware that there had been an explosion in the house owned by Boyce Black and of some injury to James Watters; that he knew this accident had something to do with the gas heater in this house, but he did not know exactly what happened. It appears from the record that Mr. William Kellett had written a general liability policy with a company other than Pan American Fire and Casualty Co. protecting Mr. Boyce Black from any personal liability. Mr. Kellett testified that he first learned of the suit against the gas company when contacted by Mr. Black, a corespondent in the Watters suit. It is undisputed in this cause that DeKalb-Cherokee Counties Gas District gave no formal notice to its insurer until such time as suit was served on it by James Watters seeking damages. It is complainants' contention that this failure of respondent gas

company and its agent, William A. Wright, to notify the complainant of said accident or incident until some eleven months after this occurrence, entitled this complainant to a declaratory judgment that it is now under no duty or obligation to defend respondents in this suit or liable for any judgment that might be rendered in said cause. There appears from the record in this cause that there is no dispute but that complainant was served with a copy of the suit filed by James Watters within a short time after this suit was filed and served on the respondents, DeKalb-Cherokee Counties Gas District, a corporation, and its agent, William A. Wright. Upon consideration the trial court denied complainant the relief prayed for upon the ground that in this cause there had been a waiver of written notice by complainant in this cause due to actual notice to the local agent for complainant. Petition for rehearing being denied by the trial court, complainant appealed to this Court assigning thirteen assignments of error to the trial court's action as follows:

1. The court erred in finding that the complainant waived or forfeited notice and proof of loss as required by the insurance policy in dispute.

2. The court erred in finding that the complainant waived or forfeited notice and proof of loss as required by the insurance policy in dispute in that such finding is not supported by the facts and evidence in this case.

3. The court erred in finding that the complainant waived or forfeited notice and proof of loss, as required by the policy described in the complaint, in that the evidence introduced in this cause was wholly insufficient to justify a finding that the complainant waived such conditions.

4. The court erred in considering the issue of waiver or forfeiture of notice or proof of loss by the complainant, since the issue of waiver or forfeiture was not an issue in the pleadings in this case.

5. The court erred in finding that the complainant waived or forfeited notice and proof of loss as required by the policy described in the complaint in that neither waiver nor forfeiture was an issue in the pleadings in this case.

6. The court erred in finding that the complainant waived or forfeited notice and proof of loss, as provided for in the policy referred to in the complaint, since neither waiver nor forfeiture was raised as a defense in the pleadings by the respondents.

7. The court erred in ruling in the court's decree in this case that the complainant has a duty to defend the respondents in the damage suit described in the complaint, in that the evidence introduced in this cause was wholly insufficient to justify such ruling.

8. The court erred in not ruling in the decree that the complainant has no duty to defend the respondent in the damage suit described in the complaint.

9. The court erred by rendering, granting and entering the decree in this case.

10. For that the evidence in this case is insufficient to support the court's finding of facts and decision in the court's decree in this case.

11. For that the court erred by executing, rendering, and entering the decree of the court herein, which was executed by the court on the 22nd day of November, 1971.

12. For that the court erred in finding in the court's decree, dated the 22nd day of November, 1971, that "an adjuster came into the area making an investigation of the occurrence, and that fact was known by all the parties," in that the evidence in this case does not indicate that the plaintiff knew said fact.

13. The court erred in sustaining objections to the following question by at-

torney for the complainant and answer by the witness, William T. Kellett:

"Q. But you did not notify the company, or they did not send a notice?

"A. No sir."

The court feels that of the thirteen assignments of error filed in this cause, eight of these, to-wit: One, two, three, four, five, six, twelve, and thirteen, deal directly or indirectly with the question of whether or not under the circumstances of this cause there was a waiver by the complainant of the notice requirements imposed on the insured under the terms of the policy as held by the trial judge. We feel that said enumerated assignments of error may be disposed of together.

It has long been the rule in this state as held by this court in Umphrey v. Barfield, 238 Ala. 11, 189 So. 64 (1939) that the answer in an equitable action as well as in an action at law must put in issue all of the facts on which the defendant or respondent relies in bar of the relief sought by the bill, and evidence cannot be adduced of facts outside of these issues. This court, in Gamble v. C. Aultman & Co., 125 Ala. 372, 28 So. 30 (1899) quoting Mr. Daniel, (1 Daniel, Ch.Prac. 711, 713) went to some length to explain the reason for the rule in these words:

"'It is of great importance to the pleader, in preparing an answer, to bear in mind that besides answering the plaintiff's case as made by the bill, he should state to the court upon the answer all the circumstances of which the defendant intends to avail himself by way of defense; for a defendant ought to apprise the plaintiff by his answer of the nature of the case he intends to set up, and that, too, in a clear, unambiguous manner; and in strictness, he cannot avail himself of any matter of defense which is not stated in this answer, even though it should appear in his evidence.' The answer must put in issue all the facts on which the defendant relies in bar of the relief sought by the bill, and

evidence cannot be adduced of facts outside of these issues; otherwise the answer does not apprise the complainant of the line of defense which will be resorted to, nor afford him that opportunity for preparation to meet it which is the leading purpose of all pleading, and which the complainant is always entitled to with respect to a matter of defense affirmative in character and relied on to defeat and overturn a prima facie case made by the bill."

 Waiver is an affirmative defense which must be alleged as well as proved in order to be available as a grounds of defense. John Hancock Mutual Life Ins. Co. v. Suttles, 26 Ala.App. 296, 158 So. 904 (1934). A careful examination of the record in this cause discloses no plea, answer or claim of waiver and therefore we find that the subject of "waiver" was not for the consideration of the trial judge in the determination of this issue.

 We now turn to the other assignments of error filed in this cause predicated upon the insufficiency of the evidence to sustain the trial court's decree in this cause. The question to be determined by this court is whether this judgment is correct, considering the evidence in this cause, not whether the ground upon which it professes to proceed is tenable. Alabama Public Service Commission v. Mobile Gas Co., 213 Ala. 50, 104 So. 538 (1925); Alabama Water Co. v. City of Attalla, 211 Ala. 301, 100 So. 490 (1924); Alabama Public Service Commission v. Western Union Telegraph Co., 208 Ala. 243, 94 So. 472 (1922); Grayson v. City of Birmingham, 277 Ala. 522, 173 So.2d 67 (1963); Anderson v. Smith, 274 Ala. 302, 148 So.2d 243 (1962); Pitts v. Hawkins, 264 Ala. 428, 87 So.2d 835 (1956).

In this cause the appellee, DeKalb-Cherokee Counties Gas District, a corporation, was required by the terms of the policy issued by the appellant in the event of an occurrence to give written notice concerning particulars sufficient to identify

**214**

the insured and other reasonable information to the appellant or its authorized agents as soon as practicable. It has been generally held that the purpose of a provision for such notice and proof of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation, and to prevent fraud and imposition upon it. (44 Am.Jur.2d, Insurance, § 1455)

A requirement in a policy for prompt or immediate notice, or that notice must be given, "immediately," "at once," "forthwith," "as soon as practicable," or "as soon as possible," generally means that the notice must be given within a reasonable time under the circumstances of the case. The exact phraseology used apparently makes very little, or any, difference, and it is well settled that none of these expressions require an instantaneous notice, but rather call for notice to be given within reasonable dispatch and within reasonable time in view of all the facts and circumstances of each particular case. In determining the reasonableness of a delay in giving the required notice, the facts and circumstances of each particular case must be considered. (44 Am.Jur.2d, Insurance, § 1460).

In 45 C.J.S. Insurance § 1056, in discussing a default in giving notice, it is said:

"Nature of accident or injury. A requirement that notice be given of accidents refers to accidents causing a loss covered by the policy. Generally, delay is excusable in the case of an accident which is trivial and results in no apparent harm, or which furnishes no ground for insured, acting as a reasonable and prudent man, to believe at the time that a claim for damages will arise or that the injury is one insured against. In such case notice is not required until some claim within the coverage of the policy has been presented or is reasonably to be anticipated, in which event the requirement as to notice is satisfied if notice is given within a reasonable time after the situation assumes an aspect suggestive of a possible claim for damages. Clearly, notice is necessary when there has been such an occurrence as would lead a reasonable and prudent man to believe that it might give rise to a claim for damages. In this connection the test it not a subjective one measured merely by the good faith of insured, but is an objective one, and hence the mere fact that insured believes that an injury resulting from an accident is slight, or that he does not believe that any valid claim will arise out of an accident, is not of itself an excuse for failure to give notice of the accident to insurer . . . ."

With these guidelines in mind, it now becomes our duty to examine the record in the instant case. An examination of the evidence in this cause discloses that William A. Wright, the agent, servant, or employee of appellee in this cause, DeKalb-Cherokee Counties Gas District, several weeks before the occurrence in this case, at the request of Pamela Sue Watters, entered a house, the property of Mr. Boyce Black, at 408 Alabama, South, Fort Payne, Alabama, in order to turn on the gas and light a heater therein. Mr. Wright was accompanied on this occasion by Mr. James Watters, the brother of Pamela Sue Watters. Mr. Wright, in the presence of James Watters, turned on the gas and lit the heater. James Watters testified that on this occasion he was given instructions by Mr. Wright on how to light this particular heater but this was denied by Mr. Wright on the trial of this cause. It further appears from the record that after this trip with William Wright, and before the incident later complained of, James Watters lit this particular heater several times and possibly that others lit said heater. The record is devoid of any evidence indicating that on the occasion when Mr. Wright turned on the gas and lit the heater in the presence of James Watters that Mr. Wright made any adjustments as such to this heater or proceeded to work on or repair this heater in

any manner or that he was requested to do more than turn on the gas and light the heater. There is evidence that subsequent to this visit Mr. Wright offered the opinion that this particular heater needed a part and that if Miss Watters wanted him to, he would see if he could locate the needed part for her. The function of the part in question in this heater is not reflected by the record nor does the record reflect any evidence that the part in question had anything to do with the later explosion of this heater.

Several weeks after William Wright lit the heater for Miss Watters and on, to-wit: December 5, 1967, James Watters, accompanied by Pamela Sue Watters, again attempted to light this heater and an explosion resulted. The circumstances surrounding this explosion are not in evidence.

█ It is undisputed in this cause that no notice of this incident was given to the DeKalb-Cherokee Counties Gas District, a corporation, or its agent, Mr. William Wright, by any of the parties involved. The father of James Watters, Mr. Robert L. Watters, did give a deposition in this cause with reference to a purported telephone conversation with a party representing himself to be Bill Wright shortly after the incident in question but this evidence cannot be considered competent evidence under previous decisions of this court due to the admission of this witness that he "wouldn't know Bill Wright if he were to see him and wouldn't recognize the voice of Bill Wright." Vaughn v. State, 130 Ala. 18, 30 So. 669 (1900); Dentman v. State, 267 Ala. 123, 99 So.2d 50 (1957); Yancey v. Ruffin, 281 Ala. 633, 206 So.2d 878 (1968). William A. Wright testified that several weeks after December 5, 1967, he was contacted by an adjuster, (a Mr. Leath) for the homeowners insurance company of Boyce Black and questioned as to the proper procedure to follow in lighting the heater in Mr. Black's house. He testified that on this occasion no indication was given to him that a claim was being made

against his company connected with this incident but to the contrary, Mr. Leath informed him that a claim was being made under the provisions of the homeowners policy.

█ The bill of complaint, as amended, in this cause avers that "respondents, DeKalb-Cherokee Counties Gas District, a corporation, and William A. Wright, had immediate notice of said occurrence which allegedly injured the said James Watters." Proof offered upon the trial of this cause wholly fails to substantiate this averment which brings us to the question of whether or not, despite the lack of actual notice, the gas company and its agent, William A. Wright, exercised active reasonable diligence under the particular circumstances of this cause? A careful search of the record in this cause fails to disclose any circumstance in the court's opinion that would serve to cause a reasonable prudent man faced with the circumstances of this particular case to believe at the time that a claim for damages would or could arise or that the injury suffered was one insured against by appellant in this cause or constituted an accident or occurrence involving the appellees, DeKalb-Cherokee Counties Gas District or its agent, William Wright. To the contrary, the only contact exhibited by the record made with said appellees was by an adjuster for the homeowners insurance company under such circumstances as to serve to alleviate any feeling of liability or responsibility on the part of this gas company or its employee.

In his argument to the trial court and to this court, the attorney for the appellant cited numerous cases. We feel, as argued by the counsel for appellees, that these cases are clearly distinguishable from the instant case due to the insured in those cases receiving notice of a claim but thereafter failing to act. In his argument to the trial court, learned counsel for appellant in this cause cited the case of Phoenix Assurance Company of N. Y. v. Harry Harless Co., 414 F.2d 794 (5 Cir., 1969), as having facts somewhat similar to the

facts in the present case. In that case, the insured had assumed the responsibility of properly charging fire extinguishers that later did not function properly, resulting in loss to the property sought to be protected by said extinguishers. The insured in that case, Harry Harless Company, Inc., had for many years been engaged in the sale and distribution of fire and safety protection equipment. This company had only recently acted to recharge the fire extinguishers in question. Notice of the involvement of the said fire extinguishers in the loss suffered was clearly given in that case to the insured and thereafter said insured failed to comply with the notice provisions of its liability policy. A judgment notwithstanding a jury verdict for the defendant was entered by the trial judge. In the instant case, no such notice to the insured appears of record, and the assumption of responsibility, if any, of the insured is considerably less, if not illusory.

After careful study of the record in this cause, we are of the opinion that the facts in the instant case bring it properly within the rule cited in 44 Am.Jur.2d, Insurance, § 1474:

"It is generally recognized that the insured may be excused for a delay or failure to give the required notice to the insurer where it appears that, acting as a reasonably prudent person, he believed that he was not liable for the accident. Thus where the insured has no reasonable grounds for believing that any act or omission by it, or any act of its employees was the cause of an injury upon which an action was later based by an injured party against the insured, the insured was held not to be required to give any notice to the insurer under a liability policy requiring notice of an accident to be given 'as soon as practicable' . . . ."

From the evidence in this case, it appears that within a reasonable time after the filing and service of a suit against the insured, the appellant was served with a copy of such suit. No notice having been received by the insured concerning said incident prior to the service of said suit, we feel that the service of such suit upon appellant under the circumstances met the requirement of written notice under the terms of the policy issued by appellant.

For the reasons set out herein, it is our opinion that the judgment of the trial court that, "the complainant, Pan American Fire and Casualty Company, a corporation, has the duty to defend the insured or the insured's employees in the damage suit described in the complaint," should be, and the same is herewith affirmed.

The foregoing opinion was prepared by Circuit Judge Douglas S. Webb, who was appointed for temporary duty on the Supreme Court by the Chief Justice, and was adopted by this court for its opinion in this case.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX and SOMERVILLE, JJ., concur.