The injury from which this controversy arose occurred on November 3, 1977. On that day John Patterson's right arm was severed in an accident involving a truck owned by Patterson's employer and allegedly manufactured by Pinson Truck. At the time of the injury, Pinson Truck had primary liability coverage with Gulf American Fire Casualty Company and umbrella liability coverage with Cincinnati Insurance Company.
On November 6 or 7, Comer Sessions, who was John Patterson's work supervisor, spoke to Glenn Jarvis, President of Pinson Truck. Mr. Sessions called Mr. Jarvis to order truck parts, but, during the conversation, Mr. Sessions mentioned that John Patterson had been hurt on a truck. When Mr. Jarvis asked if the truck was a "Pinson unit," Mr. Sessions replied that the truck was a "Fontaine unit." Although Pinson Truck assembled and sold under its own name truck bodies to Patterson's employer, Pinson Truck also occasionally serviced Fontaine truck bodies owned by Patterson's employer.
Mr. Jarvis heard nothing more of the matter until October 30, 1978, when John Patterson's attorney wrote Pinson Truck. The letter advised Pinson Truck that Mr. Patterson was injured on the feed truck equipment manufactured and sold by Pinson Truck, and gave notice of breach of warranties. On November 14, 1978, Mr. Jarvis wrote a letter to an agent for Pinson Truck's insurers (appellees), and enclosed the letter from the attorney.
Gulf American filed suit for declaratory judgment against John Patterson, Pinson Truck Equipment Company, Inc., and Fontaine Truck Equipment Company. An amendment added Cincinnati Insurance Company as an additional complainant. The complaint and amendment alleged that the insurance companies had no duty to provide coverage under policies issued to Pinson Truck because Pinson Truck failed to give timely notice of a potential claim against Pinson Truck.
After ore tenus hearing, the trial judge ruled that Gulf American and Cincinnati Insurance were not liable under the policies issued to Pinson Truck. Notice "as soon as practicable" was a condition precedent to recovery under the policies, and the judge found that Pinson Truck failed to give timely notice. From the ruling of the trial judge, Pinson Truck appeals.
In an insurance policy, a requirement that notice of a potential claim must be given "as soon as practicable" generally means notice must be given within a reasonable time.Southern Guaranty Ins. Co. v. Thomas, 334 So.2d 879 (Ala. 1976); Pan American Fire and Cas. Co. v. DeKalb-CherokeeCounties Gas Dist., 289 Ala. 206, 266 So.2d 763 (1972). Whether notice is given within a reasonable time depends on the facts and circumstances of each case. State Farm Fire and Cas. Co. v.Hartford Accident and Indem. Co., 347 So.2d 389 (Ala. 1977). Circumstances must be such as to lead a reasonable and prudent person to believe an occurrence may give rise to a *Page 957 
claim for damages against him. Stonewall Ins. Co. v. Lowe,291 Ala. 548, 284 So.2d 254 (1973); Pan American Fire and Cas. Co.v. DeKalb-Cherokee Counties Gas Dist., 289 Ala. 206,266 So.2d 763 (1972).
The final judgment in the case before us recited as follows: "[N]otice of the accident was not given until more than a year after the occurrence of the accident. . . ." However, the critical focus is not the length of delay between the accident and notification of the company. Instead, the question is whether there was unreasonable delay between reasonable notice of a potential claim and notification of the insurance company.
The question of whether delay is reasonable is a question of fact, State Farm Fire and Cas. Co. v. Hartford Accident andIndem. Co., 347 So.2d 389 (Ala. 1977), and we recognize the presumption of correctness accorded ore tenus fact finding by the trial court. See, Donnelly v. Doak, 346 So.2d 414 (Ala. 1977). Here, however, we are compelled to disagree with the learned trial judge. We have carefully reviewed the testimony and find nothing in the report of the casual conversation between Mr. Jarvis and Mr. Sessions on November 6 or 7, 1977, which would put a reasonable person on notice of a potential claim against Pinson Truck.
The record reveals that the letter from Mr. Patterson's attorney was the first notice Pinson Truck had of Mr. Patterson's claim. Assuredly, Pinson Truck's notification of the insurance companies within two weeks of receipt of the letter was reasonable. Since Pinson Truck complied with the policy provisions requiring notification of a potential claim "as soon as practicable," the insurance companies are required to fulfill their obligations under their respective contracts of insurance.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.