**ACCEPTANCE INSURANCE COMPANY, a corp.,**
**Plaintiff,**

v.

**Jerry SCHAFNER, and Jerry Schafner, d/b/a Cloverleaf Auto Center; Alice Frazier, Defendants.**

**No. CV86–L–1287–S.**

United States District Court,
N.D. Alabama, S.D.

Dec. 16, 1986.

Ezra B. Perry, Jr., Dominick, Fletcher, Yeilding, Wood & Lloyd, Birmingham, Ala., for plaintiff, Acceptance Insurance Co.

Michael G. Trucks, Fairfield, Ala., for defendant Jerry Schafner.

Charlie D. Waldrep, Gorham, Waldrep, Stewart & Kendrick, Birmingham, Ala., for defendant Alice Frazier.

## MEMORANDUM OF OPINION

LYNNE, Senior District Judge.

Plaintiff, Acceptance Insurance Company ("Acceptance"), seeks a declaratory judgment determining its rights, duties, and liabilities under an insurance policy issued to defendant, Jerry Schafner. On plaintiff's motion for summary judgment, the Court finds that defendant Schafner's failure to comply with the policy's notice provision relieves Acceptance of its duty to defend, of its duty to provide coverage, and of its duty to indemnify Schafner. The Court further finds that Acceptance is under no obligation to Alice Frazier with respect to any allegation made in her complaint against Jerry Schafner.

On November 2, 1985, Mrs. Alice Frazier was bitten by a guard dog at the Cloverleaf Auto Center, of which defendant Jerry Schafner was sole proprietor. On November 8, 1985, Mr. Charlie D. Waldrep, Mrs. Frazier's lawyer, sent to Mr. Schafner a letter titled "Alice Frazier v. Yourself," advising Mr. Schafner to notify his liability carrier immediately. Mr. Schafner notified his attorney, Michael G. Trucks, who contacted Mr. Waldrep, but the two did not reach a settlement agreement of any kind. Thereafter, on November 21, Waldrep told Trucks that he "would let him know whether or not Mrs. Frazier intended to pursue the matter to litigation." Waldrep affidavit at 3.

On March 31, 1986, Waldrep filed a complaint against Schafner on Mrs. Frazier's behalf, and on April 4, Waldrep forwarded a copy of the complaint to Trucks. Acceptance did not receive notice of the occurrence or of the lawsuit until May 8, 1986, when Schafner notified his insurance agent.

The insurance contract between Schafner and Acceptance clearly provides that prompt notification is a condition precedent to any duty on the part of Acceptance to provide coverage, or to indemnify or defend Schafner in any lawsuit. Acceptance Insurance Co. "Garage Policy", Part VII A1 & –A2b (Exhibit "A" to plaintiff's complaint). Under Alabama law, the Court is to use two criteria in determining whether or not an insured has failed to satisfy such a condition precedent: (1) the length of the delay, and (2) the existence of a reasonable excuse for the delay. *Southern Guaranty Insurance Co. v. Thomas,* 334 So.2d 879, 883 (Ala.1976).

Schafner did not notify his insurance carrier until approximately six months after he received the letter from Waldrep advising him to notify his insurance carrier. Under Alabama law, a delay of this length

warrants summary judgment in favor of the insurer, provided that the insured can show no "reasonable excuse or the existence of circumstances which would justify a protracted delay." *Southern Guaranty Insurance Company v. Thomas*, 334 So.2d 879, 882–83 (Ala.1976) (six-month delay entitled insurer to summary judgment). *See also Phoenix Assurance Co. v. Harris Harless Co.*, 303 F.Supp. 867 (N.D.Ala), *aff'd*, 414 F.2d 794 (5th Cir.1969) (four-month delay entitled insurer to summary judgment).

Schafner contends, of course, that he reasonably believed that Mrs. Frazier would not file suit. In support of this contention, he argues that "there was substantial question of whether or not Mrs. Frazier pursue [sic] a cause of action." This Court finds, as a matter of law, that such a "substantial question" cannot support a reasonable belief on the part of Schafner that he would not be sued. Schafner relies upon *C.I.E. Service Corp., v. Smith*, 460 So.2d 1244 (Ala.1984), in which a one-year delay was found to be excused by the insured's reasonable belief that a claim would not arise. In *C.I.E.* the insured, a security service hired to protect an apartment building, was sued by a woman who was raped in her apartment. The court found that the insured was not required to foresee that it would be sued for injuries resulting from the criminal act of a third person. The court wrote that " 'delay [in giving notice] is excusable in the case of an accident [occurrence] ... which furnishes no ground for the insured acting as a reasonable and prudent man, to believe at the time that a claim for damages will arise or that the injury is one insured against.' " *C.I.E.*, 460 So.2d at 1247 (*quoting Pan American Fire and Casualty Co. v. De-Kalb-Cherokee Counties Gas District*, 289 Ala. 206, 266 So.2d 763 (1972))

An obvious difference between *C.I.E.* and the instant case is the criminal nature of the act upon which liability was ulti-mately predicated: the court held that under the specific facts of the case the criminal act by itself did not furnish the insured with a ground for believing that it would be sued. The court strongly suggested, however, that the delay would not have been excused had the victim notified the insured that she was contemplating legal action. *Id.* Schafner clearly received notice that Mrs. Frazier was considering legal action. By arguing that there was a substantial question whether or not Mrs. Frazier would file suit, he implicitly concedes that he had a ground for concluding that suit would be filed.*

---

* This Memorandum of Opinion was prepared by William G. Somerville, III, Law Clerk, in which the Court fully concurs.