## WISE vs. FALKNER.

[ASSUMPSIT FOR RENT OF GRIST MILL.]

1. *Rent of land; what action is a suit for.*—An action for rent of a saw and grist mill on the land of the lessor, is a suit for rent of lands. When such rent is for a single year, although by oral contract, it is not barred by a limitation short of six years.

- 2. *Garnishment suit; judgment of non-suit or dismissal in; force and effect of.*—A judgment of non-suit or dismissal in a garnishment case, concludes nothing except as to costs. It stops the suit and settles liability for costs, but nothing more.

3. *Garnishment, debt attached by; what not sufficient to preclude owner from recovering.*—The deposit with the clerk of court of a sum of money in Confederate treasury notes, by a garnishee, on filing his answer, to which garnishment suit the owner of the debt was not made a party, is not a payment of the debt sought to be attached in the garnishee's hands, which precludes the owner of the debt from its recovery by suit, after the garnishment is dismissed.

APPEAL from Circuit Court of Coffee.

Tried before Hon. J. McCALEB WILEY.

The facts are sufficiently stated in the opinion.

W. D. ROBERTS, for appellant.—That the account sued on by appellant was obviously not an open account within the statute of limitations, and therefore was not governed by the statute of limitations of three years.—*Many v. Mason,* 8 Port. 230; *Shepherd v. Wilkins,* 1 Ala. 62; *Caruthers & Kinkle v. Mardis,* 3 Ala. 599; *Mims v. Sturtevant,* 18 Ala. 359; *Bradford v. Barclay and Wife,* 39 Ala. 33. The statute of limitations did not begin to run against the account until the 25th of September, 1865.—*Coleman v. Holmes,* Jan. T. 1870.

The clerk had no right to receive any thing paid to him, as an officer, but money; he could not receive a depreciated currency, and bind other parties by his acts.—*Aicardi v. Robbins,* 41 Ala. 541; *Chapman, Lyon & Noyes v. Cowles,* 41 Ala. 103.

G. T. YELVERTON, *contra.*

PETERS, J.—This is an action of assumpsit founded on a verbal contract for the rent of a saw and grist mill for one year. The sum agreed to be paid fell due in January, in the year 1862. The suit was commenced on May 6th, 1867.

On the trial, it was shown that the defendant rented the plaintiff's saw and grist mill, in Coffee county, in this State, for the year 1861, either at the sum of three hundred and twenty-five dollars, or at the sum of twenty-five dollars a month. On this, the court charged the jury that the action was barred by the statute of limitations of three years. This was error. The statute of limitation applicable to such a case is in these words : "Actions for the recovery of money, upon a loan, upon stated or liquidated account, or for arrears of rent due upon parol demise, must be brought within six years."—Rev. Code, § 2901, par. 4; *Boynton v. Sawyer,* 35 Ala. 497. But even were this otherwise, and the limitation was but three years, this action was not commenced too late. . The debt in this case did not fall due till January, 1862. The statute of limitation was suspended during the late rebellion, and until the 21st day of September, 1865.—*Coleman v. Holmes,* 44 Ala. 124. From this latter date until this suit was instituted, the period was short of two years. So the charge of the court was erroneous in either aspect of the law. The court also erred in refusing the plaintiff's motion for the charge in writing, which he requested, upon the statute of limitations. This charge was correct, and should have been given as asked.

It also appears from the record that there was a garnishment served upon the defendant, Falkner, issued in an attachment suit between one Adkinson, as plaintiff, against one Curry, the person from whom Falkner purchased the mill, as defendant, said Falkner being indebted to said Curry by contract for a year's rent of the mill, for the year 1861, entered into verbally with him on the 9th January, 1861. Appellee purchased the saw mill on the 9th of January, 1861, and the proof was conflicting as to whether Falkner knew of the purchase before he was garnisheed. This latter suit was instituted in the circuit court of said

county of Coffee. Said Falkner answered said garnishment, and deposited with his answer, in the hands of the clerk of the circuit court of said county, in the year 1863, three hundred dollars in Confederate treasury notes, under said process of garnishment. The appellant, Wise, was never made a party to said garnishment suit. And in the year 1867 said Falkner was discharged as said garnishee, and said process of garnishment was dismissed. There was some evidence that the plaintiff in this suit knew of the payment of said Confederate money to said clerk, and that a part or the whole of it was paid over to the plaintiff in said attachment suit, and the plaintiff in this suit did not object to it.

Upon this proof, the court charged the jury " that if the defendant (Falkner) paid the money to the clerk in the presence of the plaintiff, (Wise,) and the plaintiff did not object to it on account of its being Confederate treasury notes, then the payment would be good, and would prevent the plaintiff from recovering in this action." This charge was excepted to by the plaintiff, Wise, and made a part of the record by bill of exceptions.

This charge can not be supported as a proper annunciation of the law. It assumes that the judgment rendered in the garnishment case was of such a character as to decide the right to the plaintiff's money in the defendant's hands. This was not so. If there was any judgment entered at all, it was at most but a judgment of *non-suit*, or dismissal. Such a judgment is final only as to the costs. It stops the suit, but it does not determine the rights of the parties, or their powers, as to any thing except costs. 1 Greenl. Ev. p. 659, § 529, and cases there cited. The deposit of the Confederate treasury notes with the clerk, in the garnishment suit, was no payment of the debt of Wise. They were not money in any legal sense, and they can not be forced upon a creditor against his will.

For the errors above pointed out, the judgment is reversed and the cause remanded.