NORA BOUCHARD *v.* THE TRAVELERS INDEMNITY COMPANY ET AL.

SUPERIOR COURT    HARTFORD COUNTY    FILE No. 158030

Memorandum filed February 14, 1969

*RisCassi, Davis & Linnon,* of Hartford, for the plaintiff.

*Cooney & Scully,* of Hartford, for the named defendant.

*Regnier, Moller & Taylor,* of Hartford, for the defendant Gagne.

RUBINOW, J. In the first count of the complaint, the plaintiff alleges, in substance, that she is "an insured" under an automobile liability insurance policy issued by the defendant The Travelers Indemnity Company, hereinafter called the defendant; that an action has been brought against her by Ino Bouchard, her husband, the "named insured" in that insurance policy; and that the defendant has refused to comply with the provisions in the policy concerning defense and indemnification. The defendant has moved for summary judgment on the ground that it appears on the face of the complaint in the suit against the plaintiff by her husband that the plaintiff is entitled to neither defense nor indemnification under the terms of the insurance policy.

In the defendant's answer, which the court may consider in determining whether summary judgment should be granted (Practice Book § 303), it is admitted that on July 30, 1966, the plaintiff was operating an automobile owned by her husband and insured by the defendant; that on September 30, 1966, her husband's attorney sent written notice to the plaintiff that he was making a claim on behalf

of Ino Bouchard for injuries sustained by him on July 30, 1966, while a passenger in the automobile, then being driven by his wife; that the plaintiff sent this notice to her agent, who immediately sent it to the defendant; that, by process dated July 27, 1967, returnable on the first Tuesday of September, 1967, suit was brought by Ino Bouchard against the plaintiff; that the plaintiff immediately forwarded the process to her agent, who immediately sent it to the defendant; that on September 22, 1967, the defendant sent the process back to the plaintiff and notified her that a default judgment had been entered against her and that it would not defend the suit brought against her by her husband.

In its motion for summary judgment, the defendant relies exclusively on subparagraph (f) of the exclusions, where several factual situations to which the policy does not apply are listed. Under subparagraph (f), the defense and indemnification provisions of the policy do not apply "to bodily injury to . . . the named insured." Subparagraph (j) provides that defense and indemnification provisions do not apply to damage to the property of the named insured.

In spite of the unambiguous language in exclusions such as are here involved, insurers have often been held to be under a duty to furnish coverage in situations where coverage was seemingly excluded by the exclusion provisions. See, e.g., *Jenkins* v. *Indemnity Ins. Co.*, 152 Conn. 249; *Rathbone* v. *City Fire Ins. Co.*, 31 Conn. 193. This duty has been imposed on the insurer under the doctrine of waiver or estoppel or both. It has, however, been argued that, analytically, the doctrine of waiver should not be applied to exclusions since they are not conditions of the insurer's promises (see Corbin, Contracts, p. 706 [1952]) but a declaration that no promise is

being made with respect to the circumstances detailed in the exclusion. See *Merchants Indemnity Corporation* v. *Eggleston,* 37 N.J. 114, 129; 7 Williston, Contracts (3d Ed.), p. 581.

For the purpose of the present inquiry, however, it is not necessary to determine whether an exclusion is a condition and, therefore, subject to waiver, for even if it is not a condition, it is a contract provision which is subject to estoppel, and the plaintiff has specifically made a claim of such estoppel in her complaint. "Estoppel rests on misleading conduct of one party to the prejudice of the other. In the absence of prejudice, estoppel does not exist." *Breen* v. *Aetna Casualty & Surety Co.,* 153 Conn. 633, 643. "Most courts, however, find prejudice is inevitable when the insured is denied the right to maintain complete control of the defense of the damage action . . . . Indeed, some courts speak of a 'conclusive' presumption of prejudice, doubtless because, since the course cannot be rerun, they believe it futile to attempt to prove or disprove that the insured would have fared better on his own." *Merchants Indemnity Corporation* v. *Eggleston,* supra. Estoppel may, however, rest on far less than assumption of control of the defense. For example, the mere failure of an insurer to deny coverage seasonably may estop it from denying coverage. *Ellis* v. *Metropolitan Casualty Ins. Co.,* 187 S.C. 162 (no denial of coverage for three weeks held to present estoppel issue for jury).

In freely applying the doctrines of waiver and estoppel in suits on insurance policies, the courts are merely recognizing that the parties to an insurance policy do not negotiate the contract at arm's length; that the coverage must be purchased in the form submitted without change; that there is no "meeting of the minds" on the policy provisions; and that policies are usually purchased by people who, as the

insurer knows, do not subject the policy to scrutiny but have only "reasonable expectations" concerning the coverage to be afforded them by the policy. *Linden Motor Freight Co.* v. *Travelers Ins. Co.*, 40 N.J. 511; *Kievit* v. *Loyal Protective Life Ins. Co.*, 34 N.J. 475; *Lachs* v. *Fidelity & Casualty Co.*, 306 N.Y. 357.

Even if the policyholder had scrutinized the policy in the instant case, he would have found it far from a model of ingenuous exposition. On page three, the policy contains an unqualified promise to pay all sums that "the insured" becomes obligated to pay because of "bodily injury" arising out of the use of his automobile. If the policyholder reads through to the "Definitions" on pages five and six, he finds that "the insured" covers any person using the automobile with his permission and that "bodily injury" means "bodily injury, sickness or disease sustained by a person." There is nothing at this point to warn the policyholder that if he sustains "bodily injury" while the automobile is driven by "the insured," the policy does not cover the policyholder. It is not until he has read through to page nine that he discovers that, notwithstanding the foregoing "Definitions" of "the insured" and "bodily injury," the policy does not apply if the bodily injury is suffered by the two classes of people whom he is most interested in protecting, i.e. himself and those related to him by blood or marriage. Apparently, the insurance commissioner is of the opinion that insurers should not be permitted any longer to write such an exclusion in a policy, for, under authority from the General Assembly, he has issued regulations barring such exclusions. General Statutes § 38-175a; Conn. Dept. Regs. § 38-175a-5(c).

As noted previously, the plaintiff has made a specific claim of estoppel in her complaint, including

an allegation that she was prejudiced by the failure of the defendant to notify her and by the inaction of the defendant. Whether, since the plaintiff and the claimant are wife and husband, the plaintiff will be able to prove prejudice is a question which cannot be answered at this stage of the proceedings. For the purpose of passing on the present motion, the court may infer prejudice from such events as the lapse of time between the time of the accident and the denial of coverage, and the entry of the judgment of default. It is true that the court might infer from the fact that the claimant and the plaintiff are married to one another that no such prejudice occurred. In summary judgment proceedings, however, where alternative inferences are permissible, the court must draw the inferences which are "most favorable to the party opposing the motion." *United States* v. *Diebold, Inc.,* 369 U.S. 654, 655. Hence, there is presented the issue whether the defendant is estopped to assert the exclusion of subparagraph (f) of the policy as a defense in the present action. Accordingly, the motion for summary judgment must be denied.

In thus deciding the issue raised by the defendant's motion, the court does not imply that it thereby recognizes the propriety of the plaintiff's attempting to obtain relief by a proceeding in equity. See *Jenkins* v. *Indemnity Ins. Co.,* 152 Conn. 249, 259, 260.

The motion for summary judgment is denied.