517 P.2d 1357 (1973)
Mary S. URTADO, widow of Joseph F. Urtado, Deceased, et al., Plaintiffs-Appellants,
v.
Bruce Irvin SHUPE and Burrell R. Shupe, Defendants and Third-Party Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE COMPANY, Third-Party Defendant-Appellee.
No. 72-405.
Colorado Court of Appeals, Div. II.
November 20, 1973.
Rehearing Denied December 11, 1973.
Certiorari Granted February 4, 1974.
*1358 Sol Cohen and Morton L. Davis, Morton L. Davis, Denver, for plaintiffs-appellants.
Alperstein, Plaut & Barnes, P. C., Denver, for defendants and third-party plaintiffs-appellants.
Burnett, Watson, Horan & Hilgers, Denver, for third-party defendant-appellee.
Selected for Official Publication.
PIERCE, Judge.
This case arises out of an accident which occurred when defendant Bruce Shupe was operating a vehicle owned by his father, Burrell Shupe. The accident resulted in the death of Joseph Urtado, the husband and father of plaintiffs. The issue before us concerns the coverage extended by an insurance policy issued in Bruce's name by defendant Allstate Insurance Company. Allstate claims that the policy in question does not extend coverage to Bruce because, (1) the automobile involved was neither an owned nor a non-owned automobile within the definition of those terms in the policy, and (2) the automobile was being operated in Bruce's business or occupation at the time of the accident. The trial court granted Allstate's motion for summary judgment on the grounds that the automobile was not a non-owned automobile as defined by the policy. We affirm.
The policy issued to Bruce states that the named insured is insured with respect "to the owned or a non-owned automobile" and defines a "non-owned automobile" as one "not owned by the named insured or any relative" (emphasis added) of the named insured. The term "relative" is further defined in the policy as "a relative. . . who is a resident of the same household" as the named insured.
It is not contested that the automobile involved was owned by Bruce's father and that Bruce and his father resided in the same household. Plaintiffs' argument is essentially that the unusually restrictive definition of a non-owned automobile operates as an exclusion from the broad coverage of the policy and that it should have been delineated as an exclusion in order to make clear the coverage of the policy. They further argue that the limitation imposed by the definitions should not be enforced on the grounds that it is contrary to the public policy of this state and in violation *1359 of the Motor Vehicle Financial Responsibility Act, C.R.S. 1963, 13-7-1 et seq.
The general rule in enforcing the terms of an insurance policy is that where the terms of the contract are plain and unambiguous, the court may not rewrite the contract between the parties, nor limit by implication or construction the effect of the contract as written. Massachusetts Mutual Life Insurance Co. v. DeSalvo, 174 Colo. 115, 482 P.2d 380; 7 Blashfield Automobile Law and Practice § 292.2 (F. Lewis ed. 1966). Furthermore, the provisions of an insurance policy cannot be read in isolation, but must be read as a whole. Coxen v. Western Empire Life Insurance Co., 168 Colo. 444, 452 P.2d 16. In this case, the language of the definitions is clear and unambiguous when those definitions are read together, and they must therefore be enforced as written. While the insurer has a duty to state limitations on coverage in a manner clearly designed to apprise the insured of its effect, it is not necessary that all limitations appear as exclusions from coverage. State Farm Mutual Insurance Co. v. Flynt, 17 Cal. App.3d 538, 95 Cal.Rptr. 296. Definitions of terms used in the insuring clause frequently have the effect of defining, and therefore limiting, coverage. The definitions in question in this case appear on the same page of the policy, under the headings, "Definitions of Words Used Under This Part" and in smaller, but boldface print, "Important Words Explained." These headings were conspicuous and the definitions easily readable by the insured.
Plaintiffs further argue with respect to the "non-owned automobile" clause that the definitions unreasonably restrict the coverage of the policy; are contrary to the public policy of this state; and are in violation of the Motor Vehicle Financial Responsibility Act, supra. The provision of the policy in question is essentially the "drive other cars" provision, commonly found in automobile liability policies. The purpose of such provisions has been to protect the insurer from a situation where the insured pays for one policy but receives coverage while driving, on a regular basis, automobiles owned by other members of his family. See Hayes v. Fireman's Fund Insurance Co., 170 Colo. 164, 460 P.2d 225.
In the policy before us, Allstate has chosen to further restrict the definition of a non-owned automobile so that it does not include an automobile owned by a relative residing in the same household, whether or not the automobile is furnished for the regular use of the insured. We find no public policy in this state which would require us to render the definitions in this policy unenforceable on the grounds asserted. Nor can we say that the resulting limitation is unconscionable on its face.
Finally, it is well established that the provisions of the Motor Vehicle Financial Responsibility Act do not come into play until the insurance policy has been certified as proof of financial responsibility. American Service Mutual Insurance Co. v. Parviz, 153 Colo. 490, 386 P.2d 982; Western Mutual Insurance Co. v. Wann, 147 Colo. 457, 363 P.2d 1054.
Since we hold that the policy in this case did not extend coverage to the insured when he was operating a vehicle owned by his father, who resided in the same household, it is unnecessary for us to address the "business or occupation" exception also relied on by Allstate.
Judgment affirmed.
RULAND, J., concurs.
COYTE, J., dissents.
COYTE, Judge (dissenting):
The majority opinion relies upon the traditional axiom that courts may not rewrite the contract of the parties when the terms are plain and unambiguous. I agree with the majority opinion that in the instant *1360 case the words of the policy are not ambiguous. Nevertheless, I believe that the judgment should be reversed because the substance of the limitation and the manner in which it appears in the policy defeat the reasonable expectations of the insured. I would apply the doctrine of reasonable expectations announced in the decisions of the Supreme Courts of California and New Jersey in Gray v. Zurich Insurance Co., 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168, and Gerhardt v. Continental Insurance Cos., 48 N.J. 291, 225 A.2d 328, and subsequently recognized in: National Farmers Union Property & Casualty Co. v. Colbrese, 368 F.2d 405; National Indemnity Co. v. Flesher, 469 P.2d 360 (Alaska); Bouchard v. Travelers Indemnity Co., 28 Conn.Supp. 122, 253 A.2d 497; Zurich Insurance Co. v. Rombough, 384 Mich. 228, 180 N.W.2d 775; McAlear v. Saint Paul Insurance Cos., 158 Mont. 452, 493 P.2d 331; Conner v. Transamerica Insurance Co., 496 P.2d 770 (Okl.).
Kievit v. Loyal Protective Insurance Co., 34 N.J. 475, 170 A.2d 22, which was relied upon in Gerhardt, supra, states the doctrine and its rationale as follows:
"When members of the public purchase policies of insurance they are entitled to the broad measure of protection necessary to fulfill their reasonable expectations. They should not be subjected to technical encumbrances or to hidden pitfalls and their policies should be construed liberally in their favor to the end that coverage is afforded `to the full extent that any fair interpretation will allow.'
. . . . . .
"[W]e attach little significance to the presence of the exclusionary clause in view of the primary provision limiting coverage to loss from accidental bodily injuries, directly and independently of all other causes. . . . [T]he court's goal in construing an accident insurance policy is to effectuate the reasonable expectations of the average member of the public who buys it; he may hardly be expected to draw any subtle or legalistic distinctions based on the presence or absence of the exclusionary clause for he pays premiums in the strong belief that if he sustains accidental injury which results (in the commonly accepted sense) in his disability he will be indemnified and not left empty-handed . . ."
Adoption of the doctrine of reasonable expectation amounts to judicial recognition that the familiar rule of strictly construing ambiguities in the policy against the insurer is only one aspect of the broader principle that in cases involving contracts of adhesion, i. e., contracts where there is no opportunity for bargaining as to terms, courts will honor the reasonable expectations of the adherer. Keeton, Insurance Law Rights at Variance with Policy Provisions, 83 Harv.L.Rev. 961, 966-977 (1970).
In the instant case, there exists little doubt about the reasonable expectation of the insured. In the introduction, the policy states that it is "designed to give you the broadest auto insurance protection in history!" (emphasis in original). The insuring agreement states in two places that the insured has liability coverage in the event property damage or bodily injury results from the use of a non-owned automobile. The broad language extending coverage to non-owned automobiles is limited by the insurer to exclude any automobile owned by a relative who is a resident of the insured's household; but this limitation is not stated in the section of the policy entitled "Exclusions." Rather, the limitation must be divined from a studied reading of several provisions defining the various terms used in the policy. While definitions always tend to limit or extend the breadth of coverage, they should not be allowed to obscure a limitation and thereby defeat the reasonable expectation of the insured.
Moreover, under the terms of the policy as construed in the majority opinion and the insured's circumstances, coverage under *1361 the policy would extend to the insured while he was driving any automobile in the entire worldwith the exception of one, his father's. Moreover, coverage does not depend upon extensive and repeated use of the father's automobile but was precluded from the instant the insured slid behind the wheel for the first time. On the other hand, the insured in this case would retain insurance protection even if he repeatedly used a different non-owned automobile. In my view, this result bears no rational relationship to the legitimate concerns of the insurer but instead, operates arbitrarily to defeat the reasonable expectation of the insured.
Accordingly, I would reverse the judgment of the trial court and remand the cause for further proceeding not inconsistent with the views expressed herein.