300 So.2d 819

**ALLSTATE INSURANCE COMPANY,**
a corporation

v.

**Hobart E. FOGG, d/b/a Fogg Construction Co., et al.**

**SC 419.**

Supreme Court of Alabama.

Sept. 19, 1974.

Smith & Sturdivant, Huntsville, for appellant.

L. Tennent Lee, III, Huntsville, for appellee Hobart E. Fogg, d/b/a Fogg Const. Co.

H. Carey Walker, Jr., Huntsville, for appellees Catherine Lanier, as Administratrix, and John W. Baker, as Administrator.

MADDOX, Justice.

Allstate Insurance Company appeals from a declaratory judgment which requires it to defend its insured, Hobart E. Fogg, d/b/a Fogg Construction Company, in wrongful death actions filed against him.

Allstate claims Fogg failed to notify it about the occurrence until over eight months after it happened and this was not "as soon as practicable."

The facts are not seriously disputed. Many facts were stipulated.

Fogg had participated with others in the renovation of a dwelling house wherein three persons later died from asphyxiation on November 28, 1971.

Fogg's contract was with FHA and was made through Bill Smith Realty Co. of Huntsville. His contract provided that he would do the inside and outside painting, as well as some sheetrock work. Included in the sheetrock work was a specification that Fogg would remove furnace grilles from a wall, replace with sheetrock, and finish in a workmanlike manner. Later, another contractor, White Refrigeration Co., installed a new central gas heating system. Fogg testified that he did not know what kind of heating system, if any, would be installed in the house. He also testified that he did not know that the grilles which he had removed were a part of the existing heating system.

Three wrongful death actions were filed against Bill Smith Realty and White Refrigeration and Fogg. Fogg was joined as a party-defendant by way of an amended complaint in the first wrongful death action. He was joined as a party-defendant initially in the other two actions.

Allstate claims that the evidence showed that Fogg knew that he might be sued as early as one day after the accident, but failed to notify it until some eight months later. Fogg admits that he, White and Bill Smith of Bill Smith Realty had discussed a newspaper article about the three deaths on the day after the accident occurred.

Fogg testified, however, that when he heard about the three deaths, he did not think he could be involved because he had nothing to do with the heating system. He stated that he did not even know who had installed the central heating system until his meeting with agents for Bill Smith Realty and White Construction Co. on the day after the accident. He said Smith did not think he would be involved.

In any event, Fogg did not notify Allstate about the accident and his possible involvement at that time. The first wrongful death action was filed by the Administratrix of the estate of one of the deceased on May 11, 1972, against White Construction and Bill Smith Realty. It was in this first action that Fogg was added as a defendant, by amendment.

The summons and complaint in the first action were served on June 8, 1972. Fogg testified he was not personally served, but that the papers were either left under the door or given to his daughter, Sharon Bryan, who was his secretary. Mrs. Bryan testified that she did not remember whether or not the sheriff personally gave her the papers. She said she looked at the first page and told her father that she "thought John White and Bill Smith were going to be sued for the death of the people that died up in Meadow Hills and that he was probably going to have to go in on it later as a witness." She said she did not

read the entire paper. She then laid the papers in a file on the desk. Fogg testified, "I saw them there with Bill Smith and John White's name on it and I figured I would be a witness. My name wasn't on the front page. I never dreamed about anything because I knew I hadn't done anything to be involved."

The summons read, in part:

"To Any Sheriff of the State of Alabama:

"YOU ARE HEREBY COMMANDED TO SUMMON JOHN A. WHITE, d/b/a WHITES REFRIGERATION COMPANY, and J. WILLIAM SMITH, d/b/a BILL SMITH REAL ESTATE, et al. to appear within thirty days after the service of this summons . . . ."

On July 31, a month and a half later, Bill Smith of Bill Smith Realty called Fogg and asked him why he had not turned in the court papers. Smith suggested that Fogg call an attorney to see if he was in default. That same day Fogg called an attorney. Afterward, Fogg called his insurance agent.

Fogg, therefore, readily admitted that he did not notify Allstate until some eight months after the occurrence and a month and one-half after he was served with suit papers.

The condition of the policy regarding notice was as follows:

"4. INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT. (a) In the event of an occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to Allstate as soon as practicable. The Named Insured shall promptly take at his expense all reasonable steps to prevent other bodily injury

**158**

or property damage from arising out of the same or similar conditions, but such expense shall not be recoverable under this policy.

"(b) If claim is made or suit is brought against the Insured, the Insured shall immediately forward to Allstate every demand, notice, summons or other process received by him or his representative."

At the conclusion of the evidence two interrogatories were submitted to the jury. The jury found for Fogg and adversely to Allstate on the notice issue.

 The court entered a judgment on the jury verdict. Allstate appealed. We affirm on the authority of Pan American Fire and Casualty Co. v. DeKalb-Cherokee Counties Gas Dist., 289 Ala. 206, 266 So.2d 763 (1972). There this Court said:

"A requirement in a policy for prompt or immediate notice, or that notice must be given, 'immediately,' 'at once,' 'forthwith,' 'as soon as practicable,' or 'as soon as possible,' generally means that the notice must be given within a reasonable time under the circumstances of the case. The exact phraseology used apparently makes very little, or any, difference, and it is well settled that none of these expressions require an instantaneous notice, but rather call for notice to be given within reasonable dispatch and within reasonable time in view of all the facts and circumstances of each particular case. In determining the reasonableness of a delay in giving the required notice, the facts and circumstances of each particular case must be considered." 289 Ala. at 214, 266 So.2d at 771.

This is the general rule. See also American Liberty Insurance Co. v. Soules, 288 Ala. 163, 258 So.2d 872 (1972); Stonewall Insurance Co. v. Lowe, 291 Ala. 548, 284 So.2d 254 (1973); 45 C.J.S. Insurance § 1054; 44 Am.Jur.2d Insurance, § 1460; Couch on Insurance 2d, Vol. 13, § 49:328; Appleman, Insurance Law and Practice,

Vol. 8, § 4734; Cf. Royal Indemnity Co. v. Metzger Bros., 1974, 292 Ala. 624, 299 So. 2d 232.

We are unwilling to hold, under the facts of this case, that Fogg failed to comply with the notice provisions of the policy, as a matter of law.

The judgment of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.