Bobby S. BROWN, Plaintiff-Appellant,

v.

STATE FARM MUTUAL AUTOMO-
BILE CASUALTY INSURANCE
COMPANY, Defendant-Appellee.

No. 74–1865.

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1975.

Albert W. Copeland, Richard H. Gill, Montgomery, Ala., for plaintiff-appellant.

Robert C. Black, Montgomery, Ala., for defendant-appellee.

Before GODBOLD and MORGAN, Circuit Judges, and BOOTLE, District Judge.

LEWIS R. MORGAN, Circuit Judge:

Bobby S. Brown, plaintiff in a suit against State Farm Mutual Automobile Casualty Insurance Company for breach of contract for failing or refusing to defend him under an insurance policy, appeals from a grant of summary judgment in favor of the company. We reverse and remand.

I

Cast in a light most favorable to the plaintiff, the facts are these. Brown, who had been insured by State Farm continuously since the age of 21, was involved in an automobile accident on July 17, 1967, in which one "Melton" was injured. Brown promptly gave notice of the accident to the company whose adjustor took his statement and contacted Melton's lawyer. The adjustor, Jackson, represented to Brown that the company would "handle the injury claim" and would do "whatever was necessary." A period of negotiation between the claims adjustor and Melton's attorney ensued, but no settlement was reached. Brown took no part in the settlement effort. Melton's attorney filed suit on January 15, 1968, two days before the statute of limitations would have run.

Brown was served with the complaint but thought it was merely notification that Melton was going to file suit. His testimony indicates that he felt State Farm would know of the suit or receive a copy of the papers because they had been working with Melton's attorney in an attempt to settle the case and had told the appellant not to deal with Melton. At any rate, Brown misplaced the complaint in the process of moving and subsequently could not find it even after a diligent search; he never notified State Farm of the suit papers. Default judgment was entered against Brown in the amount of $10,000 on August 23, 1968, and execution was entered on September 7, 1968.

Jackson checked with the office of the clerk of the Circuit Court of Montgomery County, Alabama, shortly after the one year statute of limitations had run and was informed that no suit had been filed against Brown. The State Farm district manager subsequently learned from Melton's attorney that suit had been filed. Jackson was again dispatched to check the records and learned of the suit and the default judgment. Jackson then contacted Brown on September 5, 1968, and obtained a tape-recorded statement documenting that the suit papers had not been forwarded by the appellant to the company. Jackson admits that he told Brown that he would try to settle the case but said he would have to "check with Birmingham." Appellant claims that he was told the appellee would continue to represent him. Moreover, he asserts that he was not told by Jackson of the entry of default judgment against him nor was he told to procure his own counsel. At Jackson's insistence, Brown signed a "non-waiver," allowing the company to continue to make efforts on the appellant's behalf without waiving any of its rights under the insurance contract.

No effort was ever made by the insurer to have the default judgment set aside, although undisputed evidence in the record indicates that default judgments in non-liquidated damage cases in the Circuit Court of Montgomery County may routinely be set aside within 30 days following the entry of such judgment upon mere application by the defaulting party to the court. On October 18, 1968, after this initial 30-day period had expired, the company sent a letter to the appellant advising him that the appellee would not defend him.

On October 31, 1968, Melton filed a garnishment against State Farm, a copy of which was served on Brown. After default was taken and garnishment was filed, State Farm tried to settle the case with Melton's attorney, but offered far less than Melton was asking. At the garnishment trial neither Melton nor Brown appeared; Melton's attorney

withdrew, and the court discharged State Farm from garnishment. A second garnishment by Melton proved successful and Brown filed this action on August 1, 1973, to recover for damages proximately caused by the company's breach of its duties under the insurance contract.

The company answered Brown's complaint by asserting that the insurance policy required that the insured immediately notify the company and forward to the company every summons or other process received by him. The policy also provided "no action shall lie against the company . . . unless as a condition precedent thereto there shall have been full compliance with all terms of the policy." The district court entered summary judgment for State Farm, finding that since it was undisputed that Brown did not send the summons to the insurer and could offer no excuse, the insurer breached the condition precedent of the policy as a matter of law and the company's duty to defend never arose. Brown appeals.

## II

■ In this Circuit the sufficiency of evidence for jury submission is measured by federal standards even in diversity cases. Prassel Enterprises, Inc. v. Allstate Insurance Company, 405 F.2d 616 (5th Cir. 1968); Cater v. Gordon Transport, Inc., 390 F.2d 44 (5th Cir. 1968); Planters Manufacturing Company v. Protection Mutual Insurance Company, 380 F.2d 869, 871 (5th Cir. 1967), cert. denied, 389 U.S. 930, 88 S.Ct. 293, 19 L.Ed.2d 282 (1967). Under federal law, if the evidence is of such a character that reasonable men exercising impartial judgment may differ in their conclusion, then the case should be submitted to the jury. Prassel Enterprises, Inc. v. Allstate Insurance Co., supra; Cater v. Gordon Transport, Inc., supra; Helene Curtis Industries, Inc. and Cosmair, Inc. v. Pruitt, 385 F.2d 841 (5th Cir. 1967).

■ The law in Alabama is that where forwarding of any demand or other process is specifically made a condition precedent to any action against the insurer, the failure to give reasonably timely notice of the receipt of such documents will release the insurer from the obligations imposed by the contract. See American Fire and Casualty Company v. Tankersley, 270 Ala. 126, 130, 116 So.2d 579 (1959). However, it is also the law in Alabama that a requirement in a policy of prompt or immediate notice generally means that the notice must be given within a reasonable time in view of all the facts and circumstances of the case. Allstate Insurance Co. v. Fogg, 293 Ala. 155, 300 So.2d 819 (1974); Pan American Fire and Casualty Co. v. DeKalb-Cherokee Counties Gas Dist., 289 Ala. 206, 266 So.2d 763 (1972).

■ Here the record reveals that Brown, ignorant of the workings of the legal system, was told by the insurance adjustor that the company would handle the case. Brown was directed not to become involved, and he relied upon the company's declarations. Moreover, although the suit papers were never forwarded to the company, Brown gave notice of his receipt of the papers on September 5, 1968, when Jackson recorded his statement. The purpose of the provision that the insured immediately forward legal process to the insurer is to afford the insurer an opportunity to control the litigation. M.F.A. Mutual Insurance Company v. White, 232 Ark. 28, 334 S.W.2d 686 (1960); Wendel v. Swanberg, 384 Mich. 468, 185 N.W.2d 348 (1971). Since the company was involved in settlement negotiations with Melton's lawyer and had been informed that the suit would be filed, Brown's statement could easily have enabled the insurer to locate the appropriate court and have the default judgment set aside well within the 30-day period.

At any rate, a recent Alabama case compels us to reverse the district court. In Allstate Insurance Company v. Fogg, 293 Ala. 155, 300 So.2d 819 (1974), the insurance company appealed from a declaratory judgment requiring it to defend its insured in wrongful death actions filed against him. There, as here,

the insurance policy required immediate forwarding of suit papers and prompt notice to the insurer. In neither this case nor *Fogg* did the insured comply with the notice and forwarding requirements of his policy. Both plaintiffs gave oral notice to their respective companies. In *Fogg,* the insured readily admitted that he did not notify the company until a month and a half after he was served with the suit papers; here the delay was approximately 50 days.

In the *Fogg* case the Supreme Court of Alabama concluded: "We are unwilling to hold, under the facts of this case, that Fogg failed to comply with the notice provisions of the policy, as a matter of law." *Id.* at 822. Adhering to their decision, we are similarly reluctant to decide the reasonableness of Brown's notice as a matter of law, in a case which so closely resembles *Fogg.*

■ Moreover, even if the notice of suit given by Brown were deemed unreasonable as a matter of law, the conduct of the company after gaining knowledge of the breach condition was sufficient to constitute a triable issue as to estoppel. Of course, the insured must usually be prejudiced by delay in disclaimer for estoppel to take effect. 16A J. Appleman, Insurance Law and Practice 208 (1968).

■ Not only did Jackson fail to mention the default judgment to Brown, but the company made no effort to notify Brown as to the denial of liability until after the initial 30-day period had run. In fact, Jackson did not even warn Brown as to his alleged breach. Once the company learned of the breached condition, it was required to act within a reasonable time to disclaim liability or be estopped to assert it. *See* Hartford Fire Ins. Co. v. Aaron, 226 Ala. 430, 147 So. 628 (1933); Bouchard v. Travelers Indemnity Company, 28 Conn.Supp. 122, 253 A.2d 497, 498 (Super.Ct.1969). During the 40-day delay between Brown's notification to the company and the sub-

sequent denial of liability, the appellant did nothing to protect himself, for he was relying on Jackson's representations. Hence the company's delay coupled with Brown's detrimental reliance would appear to constitute a triable issue with respect to estoppel.[1]

■ Finally, appellee argues that the judgment in Melton's garnishment proceeding against Brown discharging State Farm from garnishment is a bar to Brown's recovery in a separate suit for the same debt. We first note that the trial judge did not decide the garnishment issue in his order from which this appeal is taken. In any case, the law is settled that a garnishee's successful denial of liability in a garnishment proceeding is generally held not to constitute a bar to action against him by the principal defendant. *See, e. g.,* Wise v. Falkner, 45 Ala. 471 (1871).

For reasons set forth above the decision of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

1. There is also support for the notion that State Farm's failure to notify Brown of the default judgment within the 30-day period constituted a breach of its duty to exercise reasonable care and good faith in defending its insured. *See* Travelers Indemnity Company v. Rosedale Passenger Lines, Inc., 450 F.2d 975, 978 (4th Cir. 1971).