[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Textron Lycoming Federal Credit Union, CT Page 4734 brought this action in one count alleging that the defendant, Mustafa Shaham, borrowed $6,000.00 from the plaintiff as evidenced by his signing of a note promising to repay that amount in monthly installments. The plaintiff seeks money damages, reasonable attorney's fees and costs, and satisfaction of any judgment rendered in this action from any debts accruing to the defendant by reason of said defendant's personal services, or from sums earned or to be earned by the defendant due to the defendant's failure to pay the remaining loan balance as evidenced by defendant's Member's Account Agreement and Member's Credit Disclosure Statement. The note was executed in November 17, 1985. The defendant admitted that he signed the note and borrowed $6,000.00 from the plaintiff. He also, submitted that the note contained the customary provisions for the payment of attorney's fees and costs of collection in the event of a default.
The defendant's special defense claims that he is not liable for payment on the loan because the plaintiff sold the defendant a policy of disability insurance. The defendant claims that representations were made to him that he would not have to pay the loan in the event of his becoming disabled. The defendant relies on Bouchard v. Travelers Indemnity Co., 28 Conn. Sup. 122 (1969). The defendant claims that the plaintiff is estopped from asserting its claims alleging that the plaintiff engaged in a continuing course of conduct which included misrepresentations and misstatements regarding disability insurance coverage offered and sold to the defendant by the plaintiff. The defendant further claims estoppel based upon Breen v. Aetna Casualty 
Surety Co., 153 Conn. 633 (1966).
The defendant has failed to show that one of the parties has done or said something which is intended or calculated to mislead the other. A member of the credit union, such as the defendant, is not obligated to purchase group accident and health insurance as a condition of his or her loan. The plaintiff does not set the insurance rates and only remits premiums collected to the insurer. The defendant made an election regarding group credit accident and health insurance as part of completing the application process.
The court does not find an agency between the plaintiff and the health insurance carrier, Federal Home Companies/PHF Life Insurance Company. The defendant has not substantiated his claim of a unity of identity between the plaintiff and the accident disability insurance company so as to absolve the defendant of liability to the plaintiff of his obligation pursuant to the loan agreement. CT Page 4735
The court also finds that there were no sufficient facts upon which to conclude that the plaintiff was an agent of the group accident and disability insurance provider. The court cannot rely on misunderstanding or misinformation which the defendant may have formulated in his mind after speaking with the employees of the plaintiff. The plaintiff has a separate and distinct business which accommodates members of its credit union by acting as a conduit through which the group credit accident and health insurance premiums passed. Here the plaintiff did not make a determination of the employee's insurability nor did it make a determination as to the amount of premiums to be paid by the defendant to the insurer.
Judgment may enter in favor of the plaintiff in the amount of $5,586.84. The court finds reasonable attorney's fees in the amount of $1,500.00 and costs in the total amount of $184.80.
RODRIGUEZ, J.